UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY DAVID RAY ROBERTSON,<br><br>    Plaintiff,<br><br>    v.<br><br>TIM VIRGA, et al.,<br><br>    Defendants. | Case No. 13-cv-05868-WHO (PR)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a pro se state prisoner. **After having reviewed the complaint pursuant to 28 U.S.C. § 1915A(a), the Court DISMISSES the complaint with leave to file an amended complaint on or before June 1, 2014.**

## DISCUSSION

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune

1  from such relief.  *See id.* § 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.
2  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

3       A "complaint must contain sufficient factual matter, accepted as true, to 'state a
4  claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949
5  (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has
6  facial plausibility when the plaintiff pleads factual content that allows the court to draw the
7  reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting
8  *Twombly*, 550 U.S. at 556).   Furthermore, a court "is not required to accept legal
9  conclusions cast in the form of factual allegations if those conclusions cannot reasonably
10 be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55
11 (9th Cir. 1994).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two
12 essential elements:  (1) that a right secured by the Constitution or laws of the United States
13 was violated, and (2) that the alleged violation was committed by a person acting under the
14 color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

15 **B.    Legal Claims**

16      Plaintiff Robertson alleges that (1) Dolly Matteuci, Executive Director of Napa
17 State Hospital, violated his right to due process (and a state court order) by "arbitrarily"
18 ordering Robertson transferred from a treatment hospital to prison after they had "a dispute
19 over legal rights"; and (2) Tim Virga, Warden of Sacramento State Prison, housed him in
20 conditions "designed to punish" after the transfer from Napa State Hospital.

21      The complaint will be dismissed with leave to amend for the following reasons.
22 First, his claims against Virga are DISMISSED without prejudice because they are
23 unrelated to his claims against Matteuci, and the alleged events giving rise to the claims
24 occurred in a different district.  If Robertson wishes to seek relief through the federal
25 courts on his claims against Virga, he must file in the Eastern District of California,
26 wherein Sacramento State Prison lies.  Second, his claims against Matteuci fail to state a
27 claim for a due process violation.  A prisoner has no constitutional right to incarceration in
28 a particular institution.  *See Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983).  A

prisoner's liberty interests are sufficiently extinguished by his conviction that the state may generally confine or transfer him to any of its institutions, to prisons in another state or to federal prisons, without offending the Due Process Clause. *See Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985) (citing *Meachum v. Fano*, 427 U.S. 215, 224–25 (1976) (intrastate prison transfer does not implicate Due Process Clause), and *Olim*, 461 U.S. at 244-48 (interstate prison transfer does not implicate Due Process Clause)).

Robertson's claims against Matteuci may state a claim under the First Amendment, however. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Here, it is not sufficient to say that Matteuci transferred plaintiff in retaliation over a dispute over legal rights. More detail is needed in order to state a claim. In his amended complaint, Robertson must specify what legal rights were at issue and the details (dates, times, places, etc.) of the dispute with Matteuci, and allege specific plausible facts showing that the transfer was retaliatory.

**Robertson shall file an amended complaint on or before June 1, 2014.** The first amended complaint must include the caption and civil case number used in this order (13-5868 WHO (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, Robertson must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice

3

1  of Change of Address." He must comply with the Court's orders in a timely fashion or ask
2  for an extension of time to do so. Failure to comply may result in the dismissal of this
3  action pursuant to Federal Rule of Civil Procedure 41(b).

4  **IT IS SO ORDERED.**

5  **Dated:** April 17, 2014



WILLIAM H. ORRICK
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RANDY ROBERTSON,

        Plaintiff,

  v.

TIM VIRGA et al,

        Defendant.

Case Number: CV13-05868 WHO

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 17, 2014, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the person hereinafter listed, by depositing said envelope in the U.S. Mail.

Randy David Ray Robertson BKG# CC12ED845
Martinez Detention Facility D-B-6
901 Court Street
Martinez, CA 94553

Dated: April 17, 2014

Richard W. Wieking, Clerk
By: Jean Davis, Deputy Clerk